925 F.2d 1480
 18 U.S.P.Q.2d 1491
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IN re BALL CORPORATION.
 No. 90-1419.
 United States Court of Appeals, Federal Circuit.
 Jan. 25, 1991.
Rehearing Denied Feb. 22, 1991.
 
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Ball Corporation (Ball) appeals from the January 29, 1990 decision and May 23, 1990 reconsideration decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (Board), affirming the PTO examiner's final rejection of claims 1, 5, 7 and 8 on reexamination of Ball's U.S. Patent No. 3,778,308 (the '308 patent), titled "Magnetic Storage Device Coating and Process," as unpatentable under 35 USC 103. We affirm with respect to claims 1 and 5, and need not consider the patentability of the subject matter recited in claims 7 and 8.[1]
 
 OPINION
 
 2
 Ball challenges the PTO's determination that the appealed subject matter would have been prima facie obvious, claiming that its patent was improperly judged in a "paper world of hindsight." More specifically, Ball argues that selection of the claimed class of lubricant, perfluoroalkyl polyether (PFA), would not have been obvious in view of the Wolff patent's broad reference to "fluorocarbons." Other than by trial and error, Ball urges, there is no way of knowing which of over 10,000 different fluorocarbons is the optimum lubricant for magnetic recording media. At best, Ball concludes, the PTO applied an "obvious to try" standard of patentability.
 
 
 3
 Wolff, the primary reference, recognizes the problems of friction and abrasion that are often encountered during contact between magnetic recording media and recording heads. Wolff's solution to these problems is the application of "highly fluorinated polymers or telomers having vapor pressures in the range from about 10-3 to less than 10-7 mm Hg (mercury) at room temperature" to the surface of the magnetic recording media. Examples of suitable fluorocarbon compounds include (1) solid fluorocarbon polymers such as polytetrafluoroethylene; (2) liquid fluorocarbon polymers such as polytrifluorochloroethylene; (3) fluorocarbon esters; and (4) solid or liquid telomers.
 
 
 4
 Ball concedes that the secondary references disclose the same PFA which is recited in the appealed claims. However, none of those references disclose the use of PFA as a lubricant for magnetic recording media. They collectively disclose that PFA is useful as a high temperature lubricant, and has excellent thermal, chemical, and oxidative stability, flow viscosity, low vapor pressure, and solubility.
 
 
 5
 This court's precedent provides that "[a] prima facie case of obviousness is established when the teachings from the prior art itself would appear to have suggested the claimed subject matter to a person of ordinary skill in the art." In re Rinehart, 531 F.2d 1048, 1051, 189 USPQ 143, 147 (CCPA 1976). We agree with the Board that the combined teachings of the prior art would have suggested the subject matter of claims 1 and 5 to the art worker. Although the success of PFA as a lubricant for magnetic recording media could not have been absolutely expected from the combined teachings of the prior art, predictability of absolute success is not the proper test of obviousness. Instead, only a reasonable likelihood of success is required. In re Longi, 759 F.2d 887, 897, 225 USPQ 645, 651-52 (Fed.Cir.1985). As the Board concluded, the combined prior art provided that reasonable probability of success because it indicated which parameters were critical for lubricants applied to magnetic recording media, offered direction as to which class of lubricants was likely to be successful, and provided more than "general guidance" in a recognized area of technology. See In re O'Farrell, 853 F.2d 894, 903, 7 USPQ2d 1673, 1681 (Fed.Cir.1988).
 
 
 6
 Once the PTO had established a prima facie case of obviousness, the burden shifted to Ball to rebut it. See In re Piasecki, 745 F.2d 1468, 1472, 223 USPQ 785, 788 (Fed.Cir.1984). Evidence presented to rebut a prima facie case of obviousness must be commensurate in scope with the claims to which it pertains, In re Dill, 604 F.2d 1356, 1361, 202 USPQ 805, 808 (CCPA 1979), but here it was not. With respect to evidence of commercial success, Ball failed to show that the commercially successful materials upon which it relied were commensurate with the scope of the appealed claims. For example, were the commercially successful disks coated with PFA having a molecular weight of at least 1000, and a coating thickness of 3-50 microinches, as the claims require?
 
 
 7
 Ball's attempt to rebut the prima facie case was also deficient with respect to evidence of unexpectedly advantageous results. Paragraph 18 in connection with Appendix B of the Rabinowicz declaration presents a generally vague and undefined comparison of technical properties. Again, it is not clear that the reported test results were obtained from coated media within the scope of the appealed claims. Nor did Ball establish that Rabinowicz' testing involved a comparison of the closest prior art. See In re De Blauwe, 736 F.2d 699, 705, 222 USPQ 191, 196 (Fed.Cir.1984).
 
 
 8
 In sum, we agree with the Board that Ball failed to rebut the prima facie case, and therefore affirm.
 
 
 
 [1]
 Claims 7 and 8 were added by amendment during reexamination. The '308 patent expired on December 12, 1990, during the pendency of this appeal. PTO regulations provide that "no amended or new claims will be incorporated into the patent by [reexamination] certificate issued after the expiration of the [reexamined] patent." 37 CFR 1.530(d). Regardless of our view of the Board's decision with respect to claims 7 and 8, those claims will never issue. Their patentability is thus a moot issue which we will not consider